UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRLEY FENICLE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>BOISE CASCADE COMPANY, et al.,<br><br>    Defendants. | Case No. 15-cv-02398-TEH<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND** |

This matter came before the Court on September 21, 2015 for a hearing on Plaintiffs' Motion to Remand. (Docket No. 20.) Defendants opposed the motion (Docket No. 21), and Plaintiffs timely replied (Docket No. 23). After carefully considering the parties' written and oral arguments, the Court hereby GRANTS Plaintiffs' motion, for the reasons set forth below.

**BACKGROUND**

On May 22, 2012, Plaintiffs filed suit against various defendants, including EECI Inc. ("EECI"), in Alameda County Superior Court. Mot. at 2. Plaintiffs allege that defendants exposed decedent George Fenicle to asbestos, and that such exposure was the legal cause of his mesothelioma and wrongful death. *Id.* On April 28, 2015, Plaintiffs amended their complaint to name Boise Cascade Company and OfficeMax Incorporated ("Defendants"). *Id.* at 4. On May 29, 2015, Defendants removed this matter to federal court under 28 U.S.C. § 1441, for putative federal question jurisdiction, and 28 U.S.C. § 1452, as a bankruptcy-related action. Notice of Removal (Docket No. 1). On June 29, 2015, Plaintiffs moved to remand the case to state court, contending: (1) Defendants' § 1441 removal was improper because this Court lacks federal question jurisdiction (Mot. at 16-20); and (2) Defendants' § 1452 removal was improper in three respects: (i) Defendants did not seek the consent of all defendants (*id.* at 8-10); (ii) this matter is not a bankruptcy-

related action under § 1452 (*id.* at 10-12); and (iii) the case should be remanded on equitable grounds under § 1452(b) (*id.* at 13-16).

**LEGAL STANDARD**

There are several reasons a defendant may validly remove an action originally brought in state court to federal district court. *See, e.g.*, 28 U.S.C. §§ 1441, 1452. However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" back to state court. 28 U.S.C. § 1447(c). Indeed, to protect the jurisdiction of state courts, removal jurisdiction is strictly construed in favor of remand. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005). Any doubt as to the right of removal must be resolved in favor of remand to state court. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). The party who invoked the federal court's removal jurisdiction has the burden of establishing federal jurisdiction. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

**DISCUSSION**

**I. Removal Under 28 U.S.C. § 1441 for Federal Question Jurisdiction**

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, a defendant may remove it to federal court under 28 U.S.C. § 1441(a). One source of original jurisdiction is "federal question" jurisdiction: federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Generally, the existence of a federal question must be determined on the face of the plaintiff's complaint. *See Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149 (1908); *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1973) ("[A] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law."). A well-pleaded complaint may establish federal question jurisdiction in one of two ways: "either that federal law creates the cause of action or that the plaintiff's right to relief

necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). The latter basis for jurisdiction arises when the "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

In the instant matter, it is not contested that the complaint made no reference to federal law. Rather, Defendants' argument for removal turns on application of the *Grable* factors: that a federal question is (1) necessarily raised; (2) actually disputed; (3) a substantial federal issue; and (4) capable of resolution without disrupting the Congressionally approved balance of federal and state judicial responsibilities. *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013). Federal jurisdiction will be proper only "[w]here all four of these requirements are met . . . because [then] there is a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Id.* (internal quotation marks and citation omitted).

### a. The Parties' Arguments

Defendants argue that "Plaintiffs' claim . . . raises a substantial federal question given the federal regulation of Defendant under the Public Utility Holding Company Act of 1935 ('PUHCA')." Notice of Removal ¶ 16. The essence of Defendants' argument is that they cannot be held liable for the tortious conduct of Ebasco Services Inc. (employer of decedent in the 1940s and 1950s and source of alleged asbestos exposure) unless Plaintiff can "pierce the corporate veil" between that entity and Ebasco Industries Inc. (the entity's holding company, with whom Defendants merged in 1969). *Id*. ¶¶ 16-22. And because this relationship − between Ebasco Services Inc. and Ebasco Industries Inc. − was regulated and approved of by the Securities and Exchange Commission ("SEC") in 1953, under PUHCA, Defendants argue that PUHCA will govern the veil-piercing analysis. *Id*. As such, Defendants argue that the first two *Grable* factors are met because Plaintiffs'

3

claim necessarily implicates a "relationship fully regulated by a federal regulatory scheme." Opp'n at 21.

As to the third *Grable* factor, Defendants argue that PUHCA was a "complex federal regulatory regime implemented and controlled by a federal agency" (*id.* at 22), and "uniformity in the application of this detailed federal regulatory scheme is, in itself, a substantial federal interest warranting federal jurisdiction" (Notice of Removal ¶ 21). Finally, Defendants argue under the fourth *Grable* factor that the federal-state judicial balance would not be disrupted by federal jurisdiction in this case because "[i]t will be a rare state action against a public utility holding company regulated by the SEC between 1935 and 1953 that raises a federal-law issue," and as such, jurisdiction would not "open the door of the federal courts to more than the solitary case." Opp'n at 22.

Plaintiffs argue that the *Grable* factors are not met because their claims, sounding in negligence and fraudulent concealment, will be decided entirely under California state law. Mot. at 18-19. Moreover, Plaintiffs argue that "[e]ven if PUHCA somehow implicates [a veil-piercing] theory, plaintiffs do not need to proceed under that theory to hold Defendants liable for the torts of Ebasco Industries, Inc. or its subsidiary Ebasco Services, Inc," thereby nullifying Defendants' only hook for federal question jurisdiction. Reply at 9. Specifically, Plaintiffs argue that they need not pursue an alter ego/corporate veil theory because Defendants' "merger with the Ebasco entities [also] renders Defendants liable for Ebasco's torts under *successor-in-interest* liability."[1] *Id.* at 8 (emphasis added). Absent application of PUHCA, Plaintiffs' argue, no federal question exists for this Court to consider, substantial or otherwise. *Id.* at 9.

Plaintiffs also note that the Alameda County Superior Court has an entire department dedicated to the case management of asbestos cases filed within the county,

---

[1] Defendants argued at the September 21 hearing, however, that the successor-in-interest theory is foreclosed by the fact that Defendants' 1969 merger was with Ebasco Industries, Inc., not Ebasco Services Inc. Plaintiffs nevertheless maintained at the hearing that they would not need to rely on an alter ego/corporate veil theory to hold Defendants liable for Ebasco Services Inc.'s conduct in the 1940s and 1950s.

and that such department has been handling this case since it was filed in 2012.  Mot. at 3.

### b. Analysis

On its face, it is obvious that Plaintiffs' wrongful death action does not arise under a federal statute.  Application of the *Grable* factors likewise indicates that no federal question, let alone a substantial one, is necessarily raised or in dispute.

As to the first and second factors − whether a federal issue is necessarily raised and actually disputed − the parties do dispute whether PUHCA will factor in any court's analysis of Defendants' liability.[2]  But because Plaintiffs insist that they can demonstrate liability without reference to PUHCA, and because Defendants bear the burden of establishing federal jurisdiction (*Emrich*, 846 F.2d at 1195), the Court is not persuaded that PUHCA is either necessarily raised or actually disputed.  And because Defendants have provided no other basis for a federal question, the Court hereby finds that the first and second *Grable* factors are not met.

The third factor − substantiality of the federal issue − likewise favors remand.  The parties agree that PUHCA was repealed in 2005 with the passage of the Energy Policy Act of 2005.  Pub. L. No. 109-58, 119 Stat. 594 (2005).  It would therefore be a stretch to suggest that, whatever import PUHCA once held, the now defunct regulatory scheme is a "substantial federal issue" that requires federal court interference to guarantee uniform application.  Indeed, Defendants' own arguments suggest that federal courts are unlikely to ever again consider PUHCA in this context, undercutting any need or opportunity for uniformity.  *See* Opp'n at 22 ("It will be a rare state action against a public utility holding company regulated by the SEC between 1935 and 1953 that raises a federal-law issue.").

The fourth and final factor − concerning the state/federal judicial balance − also favors remand.  As discussed above, the presence of a federal question is uncertain at best.  And there is no reason to suppose that Congress intended to bar state courts from hearing asbestos-related wrongful death actions simply because they may require discussion of a

---

[2]  *See supra* note 1.

now defunct federal regulatory scheme. This is especially true where, as here, the state court at issue found it prudent to dedicate an entire department to the case management and adjudication of cases precisely like the one now before the Court.

Because all four factors are needed to maintain substantial federal question jurisdiction (*Gunn*, 133 S.Ct. at 1064), and all four are wanting in the instant matter, the Court hereby finds that no federal question exists and removal under § 1441 was improper. Remand is therefore required under § 1447 unless some independent basis for federal jurisdiction exists.

## II.  Removal Under 28 U.S.C. § 1452

Defendants' second argument is that removal was proper under 28 U.S.C. § 1452, because Plaintiffs' claim is "related to" a bankruptcy proceeding. Under § 1452, any party may remove "any claim or cause of action" to a federal district court if the district court "has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1334(b) confers "original but not exclusive jurisdiction" to federal district courts of civil cases "related to cases under title 11," the bankruptcy title.

Plaintiffs argue that Defendants' § 1452 removal was improper in three respects: (i) Defendants did not seek the consent of all defendants (Mot. at 8-10); (ii) this matter is not a bankruptcy-related action under § 1452 (*id*. at 10-12); and (iii) the case should be remanded on equitable grounds under § 1452(b) (*id*. at 13-16).

### a. The "Rule of Unanimity" Does Not Bar Removal.

Congress codified the judicially-created "rule of unanimity" in the Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("the Act"): "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Under this rule, a civil action typically cannot be removed to federal court without the consent of all defendants.

Defendants argue that this "rule of unanimity" does not apply to cases removed

under § 1452. Notice of Removal ¶ 22. Defendants first rely on the plain language of the removal statue. *See* § 1446(b)(2)(A) (requiring consent only for case removed *solely* under section 1441(a)). Defendants also cite legislative history indicating that the Congressional intent of the Act was to limit the rule of unanimity to cases removed under § 1441(a). *See* H.R. Rep. No. 112-10, at 13 (2011) ("Like current law, the new provision is limited to cases removed solely under Section 1441(a); it has no application to other statutes under which removal is authorized."). Finally, Defendants cite a string of district court cases that found the rule of unanimity did not apply to removal of claims under § 1452, even before the Act clarified the issue. *See, e.g.*, *New England Wood Pellet, LLC v. New England Pellet, LLC*, 419 B.R. 133, 141 (Bankr. D.N.H. 2009) ("Most courts have read § 1452, unlike § 1446, to authorize removal without the unanimous consent of all defendants.").

Plaintiffs' argument rests almost entirely on the reasoning of *Orion Refining Corp. v. Fluor Enterprises, Inc.*, 319 B.R. 480 (Bankr. E.D. La. 2004). In holding that the rule of unanimity did apply to § 1452, the court in *Orion* distinguished between the removal of individual causes of action and the removal of entire cases. *Orion*, 319 B.R. at 484-487. The court reasoned that because § 1452 does not contemplate the removal of "entire" cases, § 1452 "permit[s] removal by less than all defendants, but only of those claims asserted against whichever defendants seek removal, leaving the claims against the non-removing defendants in the forum where they were originally brought." *New England Wood Pellet*, 419 B.R. at 141, n.7 (summarizing and rejecting the reasoning in *Orion*; following the "majority view" that § 1452 authorizes removal without the unanimous consent of all defendants). Plaintiffs argue (1) because the Ninth Circuit has not ruled on this issue, this Court is free to adopt the reasoning in *Orion*; and (2) because Defendants removed this entire action without the consent of all other defendants, the removal was procedurally flawed. Mot. at 8-10.

Defendants' arguments on this point are significantly more compelling. Before the Act, *Orion* represented the minority view on the issue. And following the Act, *Orion*'s reasoning has been seriously undercut by the Act's plain language and legislative history.

This Court therefore elects to follow the better-reasoned case law, which finds substantial support in the legislative history of the Act, and hereby holds that the rule of unanimity does not apply to cases removed under § 1452. As such, Defendants' removal was not procedurally flawed in this respect.

### b. This Matter Is a Bankruptcy-Related Action.

A proceeding is "related to" a bankruptcy when "the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988) (citation omitted) (emphasis removed).

EECI − successor to the liabilities of Ebasco Services, Inc. (employer of decedent) and one of the original defendants in this action − is currently a debtor in a Delaware bankruptcy. Notice of Removal ¶ 7. So the question before the court is whether the present action could have "any conceivable effect" on the EECI bankruptcy now pending in Delaware. Defendants spent a considerable amount of their briefing and oral argument explaining why the current action is related to and would affect the EECI bankruptcy (*see* Opp'n at 6-12), and Plaintiffs, correspondingly, that this matter is not related to and would not have any effect on the EECI bankruptcy (*see* Mot. at 10-12; Reply at 3-5).

But the parties do agree that the Ninth Circuit's "any conceivable effect" standard is a broad one. *See* Mot. at 10; Opp'n at 7. And the parties likewise agreed at the September 21 hearing that whatever the impact of the present action on the EECI bankruptcy, it is "complicated." Indeed, Plaintiffs opened their oral argument at the September 21 hearing by explaining the varying *effects* this matter could have on the EECI bankruptcy, depending on the outcome:

> The implications of this case . . . are kind of confusing, because in a sense, the effect could likely depend on what happens here. If we were to win the case and get paid in full, then . . . that might . . . hurt [Defendants] because while you might think that they would have a right to contribution or indemnity . . . from EECI . . . that would not be correct because there was a bar date for all contributions . . . and [Defendants] have now lost any rights that they would have against EECI. . . . If we were to lose this case, the implications for the bankruptcy could well depend on why we lost it.

Hr'g on Pls.' Mot. to Remand, Sep. 21, 2015.  It therefore seems almost indisputable that this case could have *some conceivable effect* on the EECI bankruptcy, under *In re Fietz*. The Court therefore finds that this action is a "bankruptcy-related" action under § 1452.

### c. Equity Demands that the Case Be Remanded to State Court.

28 U.S.C. § 1452(b) provides that a bankruptcy-related claim removed under § 1452 may be remanded "on any equitable ground."  This standard represents "an unusually broad grant of authority . . . [i]t subsumes and reaches beyond all of the reasons for remand under nonbankruptcy removal statutes."  *In re McCarthy*, 230 B.R. 414, 417 (B.A.P. 9th Cir. 1999).  Indeed, § 1452(b) provides that orders to remand under that section are "not reviewable by appeal."

As Plaintiffs properly note, the case law on equitable remand provides factors to guide this Court's exercise of discretion.  Plaintiffs highlight seven such factors: (1) the effect of the action on the administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty of applicable state law; (4) comity; (5) the relatedness of the action to the bankruptcy case; (6) any jury trial right; and (7) prejudice to plaintiffs from removal.  Mot. at 13 (*citing Hopkins v. Plant Insulation Co.*, 349 B.R. 805, 813 (Bankr. N.D. Cal. 2006)).  Defendants do not contest these factors, but add two more: (8) whether there is a jurisdictional basis in federal court other than § 1334; and (9) the extent to which a non-debtor party has a presence in the bankruptcy proceeding.  Opp'n at 12 (*citing Fed. Home Loan Bank of Chi. v. Banc of Am. Sec. LLC*, 448 B.R. 517, 525 (Bankr. C.D. Cal. 2011)).

The Court finds that most of these factors favor remand, as set forth below. "Because Section 1452(b) affords 'an unusually broad grant of authority,' [and] any one of the relevant factors may provide a sufficient basis for equitable remand," the Court therefore determines, in its discretion, that remand on equitable grounds is appropriate in this matter.  *Fed. Home Loan Bank*, 448 B.R. at 525 (citation omitted).

### 1. Effect of the action on the administration of the bankruptcy estate

Plaintiffs argue that this action will have no bearing on the EECI bankruptcy proceeding "because the ability of the debtors to go forward does not hinge on [this] action." Mot. at 13. Defendants argue that "[t]he instant action bears on the administration of the EECI bankruptcy . . . because Plaintiffs have involved themselves in the bankruptcy to recover for the alleged actions of Ebasco Services, Inc." (Opp'n at 12), and because this Court "will need to analyze EECI's potential liability as to Plaintiffs, who are active creditors in the bankruptcy" (*id.* at 13).

These arguments mirror those discussed above under the issue of § 1452 relatedness, though the broad "any conceivable effect" standard no longer applies. Nevertheless, for the reasons set forth above, the Court finds that this action is likely to have at least some effect on the EECI bankruptcy, and as such, that the first factor slightly favors removal.

### 2. Extent to which issues of state law predominate

Plaintiffs argue simply that "[t]he complaint is based <u>entirely</u> on claims rooted in California law." Mot. at 13 (emphasis in original). Defendants argue only that "[t]he issue is not whether state laws predominate, but whether the state law claims are novel or complex." Opp'n at 13.

As discussed above, the presence of a federal question is uncertain at best. Meanwhile, Plaintiffs' negligence and fraudulent concealment claims rest entirely on state law. The Court therefore finds that the second factor substantially favors remand.

### 3. Difficulty of applicable state law

Plaintiffs argue that this matter involves substantial state toxic tort law − including questions of exposure, substantial-factor causation, duty of care, damages, and comparative fault − and that such issues fall within the expertise of the Alameda County Superior Court department dedicated to asbestos litigation. Mot. at 14-15. Defendants argue that federal courts "address matters of state law on a regular basis," and that the state law at issue will not prove too complex for this Court. Opp'n at 13 (citation omitted).

The state law issues surrounding Plaintiffs' claims were apparently complex enough for the Alameda County Superior Court to develop and dedicate an entire department to such litigation. Indeed "[t]his and all other asbestos cases filed in Alameda County Superior Court are deemed 'complex,' as defined in Standard 3.10 in the California Rules of Court." Mot. at 3. The Court therefore finds that the third factor favors remand.

### 4. Comity

Plaintiffs argue that it "makes no sense for a federal court to adjudicate a lawsuit involving pure questions of California substantive law," especially considering that this case has been pending for three years in Alameda County's "complex-asbestos-litigation rules and case-management system," which is specifically designed to handle cases of this kind. Mot. at 15. Defendants argue that "there are no concerns of federal-state comity here," because the "state court has made no rulings whatsoever with respect to the claims against Defendants," who were only added to the litigation this year. Mot. at 14 (*citing In re Briarpatch Film Corp.*, 281 B.R. 820, 829 (Bankr. S.D.N.Y. 2002)).

Plaintiffs' argument is both more persuasive and finds substantial support in the case law. *See Drexel Burhnam Lambert Group, Inc., v. Vigilant Insur. Co.*, 130 B.R. 405, 409 (Bankr. S.D.N.Y. 1991) ("Congress has made it plain that, in respect to noncore proceedings such as this (i.e., cases which assert purely state law causes of action), the federal courts should not rush to usurp the traditional precincts of the state court."). This seems especially true where, as here, the state court at issue has dedicated an entire department to the case management and adjudication of cases precisely like the one now before the Court. The Court therefore finds that the fourth factor strongly favors remand.

### 5. Relatedness of the action to the bankruptcy case

Again, the parties' arguments on this factor mirror those discussed above under the issue of § 1452 relatedness. And for the reasons set forth above, the Court finds that this action bears at least some relation to the EECI bankruptcy, and as such, that the fifth factor marginally favors removal.

11

### 6. Any jury trial right

Neither party provides particularly compelling arguments on this factor. But the Court can find no reason to believe that Plaintiffs' right to a jury trial would be frustrated by adjudication of this claim in federal court. The Court therefore finds that the sixth factor favors removal.

### 7. Prejudice to Plaintiffs from removal

Plaintiffs argue that they chose Alameda County Superior Court because it has "extensive experience in asbestos-related personal-injury and wrongful-death matters," and that removing this case from the expertise of the state court that has been handling this case for three years would substantially prejudice Plaintiffs. Mot. at 16. Defendants argue that Plaintiffs' "provide zero meaningful support for their assertion" of prejudice, and reassert their position that this Court possesses both federal question and bankruptcy-related jurisdiction. Opp'n at 14.

Plaintiff's choice of forum should be honored to the extent that it is possible. *See Shubert v. Roche Holding Ag*, 157 F. Supp. 2d 542, 547 (E.D. Pa. 2001) (finding that factors favor remand under § 1452(b) and noting that "remand affords proper deference to the plaintiff's choice of forum"). And Plaintiffs' choice of Alameda County Superior Court seems especially worthy of respect, given the expertise that court possesses with respect to claims like Plaintiffs'. The Court therefore finds that the seventh factor favors remand.

### 8. Jurisdictional basis in federal court other than § 1334

As discussed above, there is no jurisdictional basis in federal court other than § 1334. As such, the Court finds that the eighth factor favors remand.

### 9. Extent of non-debtor party presence in the bankruptcy

Plaintiffs argued at the September 21 hearing that they have no presence in the EECI bankruptcy, as they have not yet filed a claim in the proceeding. Defendants argue that "the extent to which the non-debtor party has a presence in the bankruptcy is considerable" (Opp'n at 13), because "Plaintiffs have involved themselves in the

12

bankruptcy to recover for the alleged actions of Ebasco Services, Inc., with Plaintiffs' counsel in fact serving on the Creditors' Committee in the EECI bankruptcy" (*id*. at 12).

As discussed above, the degree of relation between this case and the EECI bankruptcy is unclear. But whether or not Plaintiffs' have yet filed a claim, they do seem to have an interest in the EECI bankruptcy. The Court therefore finds that the ninth factor favors removal, but only marginally.

### 10. Summary of Equitable Factors and Finding

To summarize, the factors which speak to the notion of federalism and respect for state sovereignty (numbers 2, 3, 4, 7, and 8) weigh in favor of remand, while the factors relating to the administration of the bankruptcy estate (numbers 1, 5, and 9) and to jury trial rights (number 6) weigh in favor of removal. The Court therefore finds that the factors favoring remand outweigh the factors favoring removal in both number and substance. Because even a single "factor[] may provide a sufficient basis for equitable remand," the Court therefore determines, in its discretion, that remand on equitable grounds is appropriate in this matter. *Fed. Home Loan Bank*, 448 B.R. at 525 (citation omitted).

**CONCLUSION**

For the foregoing reasons, Plaintiffs' motion to remand is GRANTED. It is hereby ordered that this case be remanded to the Superior Court of California, Alameda County for further adjudication. The clerk shall close the case.

**IT IS SO ORDERED.**

Dated: 10/13/15

THELTON E. HENDERSON
United States District Judge

13